# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10559
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VIDAL GARZA-MORIN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-376-1

———————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Vidal Garza-Morin appeals his conviction and sentence for illegal re-entry into the United States after deportation under 8 U.S.C. § 1326(a) and (b)(1). On appeal, he renews his argument that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10559

§ 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. His ten-month term of imprisonment does not exceed the maximum in § 1326(a), but his three-year term of supervised release is only authorized by § 1326(b), by virtue of 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). *Cf.* §§ 3559(a)(5), 3583(b)(3) (setting a one-year maximum for an offense punishable under § 1326(a)).

Garza-Morin acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. The Government has moved, without opposition, for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Garza-Morin is thus correct that his argument is foreclosed. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as moot.